UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES FREDERICK SANFORD,

              Petitioner,

                                 CIVIL NO. 2:11-CV-10748

v.                              HONORABLE SEAN F. COX

                                 UNITED STATES DISTRICT COURT

WILLIE SMITH,

              Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

       James Frederick Sanford, ("Petitioner"), presently incarcerated in Carson City Correctional Facility, in Carson City, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for one count each of possession with intent to deliver methylphenidate (Ritalin), Mich. Comp. Laws § 333.7401(2)(b)(ii), dihydrocodeinone (Vicodin), Mich. Comp. Laws § 333.7401(2)(b)(ii), and diazepam (Valium), Mich. Comp. Laws § 333.7401(2)(c), one count of maintaining a drug house, Mich. Comp. Laws § 333.7405(1)(d), one count of felon in possession of a firearm, Mich. Comp. Laws § 750.224f, one count of felony firearm, Mich. Comp. Laws § 750.227b and being a fourth felony habitual offender, Mich. Comp. Laws § 769.12. For the reasons stated below, the petition for writ of habeas corpus is **DENIED WITH PREJUDICE.**

### I. Background

       Petitioner was convicted of the above offenses following a jury trial in the St. Clair County Circuit Court. Petitioner's arrest stems from three controlled drug buys from a police informant.

(T. Sept. 25, 2008 [III], pp. 553-563).   The informant, Sue-Ann Blowycky, had been arrested for

retail fraud and, after a discussion with Deputy Stacy Tunich, agreed to work with the drug task

force unit in exchange for dismissal of a retail fraud offense. (*Id*. at 565). She provided the names

of Petitioner and another individual. (T. Sept. 24, 2008 [IV], pp. 603-604).   The drug task force

provided money that Blowycky used in purchasing drugs from Petitioner on three occasions. Deputy

Matt King then executed a search warrant at Petitioner's home. (T.  Sept. 23, 2008 [I], pp. 138, 139).

The information in the search warrant was based on a confidential informant who had been arrested.

(T. Sept. 24, 2008 [II], pp. 234, 350-51). The team entered and secured the residence, finding only

Petitioner inside. (*Id*. at 273). Deputy King photographed the residence to show where items were

located when they entered and then collected all of the evidence found at Petitioner's residence.  (T.

Sept. 23, 2008 [I], pp. 139-141).

Petitioner's conviction was affirmed on appeal. *People v. Sanford*, No. 289439 (Mich. Ct.

App. June 29, 2010), *lv. den*. 488 Mich. 994; 791 N.W.2d 444 (2010).

Petitioner seeks a writ of habeas corpus on the following grounds:

I.      Petitioner was denied his fourteenth amendment right to a fair trial where the
        prosecutor committed several errors of misconduct.

II.     Petitioner was denied his Sixth Amendment right to effective assistance of counsel.

The habeas claims as detailed within Petitioner's brief:

I.      The Cumulative effect of the prosecutor's misconduct denied defendant a fair trial
        as follows:

        A.  Impermissibly injecting other-acts evidence.

        B.  Impermissibly elicited police-opinion testimony as to defendant's guilt.

        C.  Contending that defendant was guilty because the police concluded that
            no other suspects existed.

D.  Argued "facts" that were unsupported by the evidence.

E.  Undermined the presumption of innocence and denigrated the Defendant's defense.

F.  Cumulative effect of improper tactics.

II.     Trial Counsel failed to object to the prosecutor's repeated instances of misconduct.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court

arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the

state court decides a case differently than the Supreme Court has on a set of materially

indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable

application" occurs when "a state court decision unreasonably applies the law of [the Supreme

Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ

simply because that court concludes in its independent judgment that the relevant state-court

decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

3

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for

4

ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979)(Stevens, J., concurring in judgment)).  Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24.  Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87.  Finally, in reviewing Petitioner's claims, this Court must remember that under the federal constitution, Petitioner was "entitled to a fair trial but not a perfect one." *Lutwak v. United States,* 344 U.S. 604, 619 (1953).

### III.  Discussion

A.  Prosecutorial Misconduct

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004)(citing *Bowling v. Parker,* 344 F.3d 487, 512 (6th Cir. 2003)).  A prosecutor's improper comments will be held to violate a criminal defendant's constitutional rights only if they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)(quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).  Prosecutorial misconduct will thus form the basis for habeas relief only if the conduct was so egregious as to render the entire trial fundamentally unfair based on the totality of the circumstances. *Donnelly v. DeChristoforo*, 416 U.S. at 643-45; *see also Caldwell v. Russell*, 181 F.3d 731, 736 (6th Cir. 1999) (stating that "[p]rosecutorial misconduct may warrant habeas relief only if the relevant misstatements were so egregious as to render the entire trial fundamentally unfair to a degree tantamount to a due process

5

deprivation"). The determination whether the trial was fundamentally unfair is "made by evaluating the totality of the circumstances surrounding each individual case." *Angel v. Overberg*, 682 F. 2d 605, 608 (6th Cir. 1982). The Court must focus on "'the fairness of the trial, not the culpability of the prosecutor.'" *Pritchett v. Pitcher*, 117 F. 3d 959, 964 (6th Cir. 1997) (quoting *Serra v. Michigan Dep't of Corr.*, 4 F. 3d 1348, 1355 (6th Cir. 1993)). Finally, "[t]he Supreme Court has clearly indicated that the state courts have substantial breathing room when considering prosecutorial misconduct claims because 'constitutional line drawing [in prosecutorial misconduct cases] is necessarily imprecise.'" *Slagle v. Bagley*, 457 F. 3d 501, 516 (6th Cir. 2006) (quoting *Donnelly*, 416 U.S. at 645). Thus, in order to obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of his prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012)(quoting *Harrington*, 131 S. Ct., at 786–87). This is particularly so, "because the *Darden* standard is a very general one, leaving courts 'more leeway ... in reaching outcomes in case-by-case determinations[,]'". *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. at 664).

  1. Other Acts Evidence

  Petitioner first alleges that the prosecutor improperly introduced other acts evidence to show that he had the propensity to commit the crime. At trial, Petitioner insisted that he was unaware of the drugs and weapons removed from his house following a raid. The drugs introduced into evidence pertained to the numerous prescription drugs found throughout the house and garage. Although he was charged with illegal possession of three controlled substances, the sheer volume of illegal drugs was introduced to support the charge that he was maintaining a drug house. The

6

Michigan Court Appeals found this evidence admissible:

> Defendant argues that the prosecutor improperly elicited evidence of defendant's possession of drugs not specifically named in the charges in order to show that defendant had been dealing drugs for a long time. Defendant mistakes the evidence of the other drugs as bad acts evidence under MRE 404(b). Possession of those drugs was admissible to prove the charge of maintaining a drug house. A prosecutor must show more than an isolated incident of drug-related activity to show that a defendant maintained a drug house. *People v. Thompson*, 477 Mich. 146, 156-157; 730 NW2d 708 (2007). Defendant denied knowledge of the charged drugs. The vast quantity of all the drugs seized and the locations of the drugs throughout the property established defendant's knowledge of the presence of the drugs and his purpose in maintaining the house. The evidence was properly submitted and admitted.

Slip Op. at 1-2.

A prosecutor does not commit misconduct by bringing up a habeas petitioner's prior bad acts when such bad acts are relevant to the prosecutor's case. *See Cristini v. McKee*, 526 F. 3d 888, 900 (6th Cir. 2008). Moreover, even if the prosecutor's remarks about petitioner were insulting, they were not so pervasive as to deny petitioner a fair trial. *See Olsen v. McFaul*, 843 F. 2d 918, 930 (6th Cir. 1988). Petitioner has failed to show that the Michgan Court of Appeals unreasonably applied clearly established federal law in rejecting his prosecutorial misconduct claim.

### 2.  Police Opinion Testimony of Defendant's Guilt

The second, third and fifth parts of Petitioner's prosecutorial misconduct claim will be considered together because they are interrelated. Petitioner next claims that the prosecutor improperly elicited testimony from a police officer pertaining to his guilt. On appeal, the Court found that questioning by the prosecution pertaining to lack of fingerprinting by the police, where the officer testified that he had no doubt that the pills belonged to petitioner, did not rise to the level of misconduct. The record is clear that Petitioner lived alone and that the prescription bottles were not fingerprinted because they were found in Petitioner's house and surrounding property. The officer testified that the bottles were not initially sent to the lab for fingerprints because he believed

7

that the bottles belonged to Petitioner. (T. Sept. 24, 2008 [II], p.328).  On appeal, the Michigan Court of Appeals also found that possession was not an issue until the police informant married Petitioner and then claimed that she planted evidence at the insistence of one of the officers.  This finding also pertains to Petitioner's third claim where he alleges that the prosecutor improperly argued to the jury that defendant was guilty because there were no other suspects.  Two months prior to trial, the police informant married Petitioner and then claimed that she planted the evidence in Petitioner's house at the insistence of Officer Kerrigan.   Officer Kerrigan testified at trial that this testimony was untrue and he would not risk losing his job and criminal prosecution by committing such acts.  (T. Sept. 26, 2008 [IV], pp. 116-118).  At the time of the raid and just prior to trial, there were no other suspects.  At trial, defense counsel's case brought into question the credibility of Officer Kerrigan by claiming that the police informant planted the evidence as instructed by the officer.  Petitioner cannot claim that the prosecution improperly elicited testimony from this officer, when counsel's case rested upon a belief that this officer was corrupt and that Petitioner was an innocent bystander.

In *Cooper v. Sowders*, 837 F.2d 284 (6th Cir. 1988), the Sixth Circuit held that it was fundamentally unfair and a violation of due process to permit a detective to testify as an expert witness that all the evidence linked the petitioner, and no one else, to the crime.  The Sixth Circuit concluded that "[t]he opinion-testimony had a direct influence on the jury's consideration of petitioner's guilt or innocence." *Id*. at 287.

However, the Sixth Circuit's holding in *Cooper* does not entitle Petitioner to habeas relief.  The prosecution elicited testimony from the officer as to the possibility of other suspects, due to lack of any initial fingerprinting taken off the pill bottles following a raid of Petitioner's house. (T.

8

Sept. 24, 2008 [II], p. 328). Given that Officer Kerrigan's remark was made in response to a question pertaining to admissible evidence at trial and why fingerprints were not taken when the bottles were retrieved following the raid, Petitioner was not deprived of a fair trial. *See Nieto v. Lamarque*, 410 Fed. Appx. 37, 39 (9th Cir. 2010). Secondly, Kerrigan was not presented as an expert witness at Petitioner's trial. He testified as one, of many officers present, following the raid on Petitioner's house. He also responded to the allegations raised by trial counsel that the police informant planted evidence at his direction. Third, the jury was instructed to judge a police officer's testimony by the same standard as the testimony of any other witness. (T. Sept. 26, 2008, p. 632). *See e.g. Norton v*. Boynton, No. 2011 WL 282433, * 8 (E.D. Mich. January 26, 2011). Finally, "Cooper was decided prior to Congress' adoption of the AEDPA...so the *Cooper* court owed no deference to the state court decision on these issues." *Dorsey v. Banks*, 749 F. Supp. 2d 715, 738 (S.D. Ohio 2010). The judge in *Dorsey* indicated that he had "been unable to locate a single case decided by the Sixth Circuit Court of Appeals, apart from *Cooper*, where a prosecutor's questioning of a law enforcement officer about the truthfulness of a witness led to the grant of a writ of habeas corpus." *Id*.

The fifth part of Petitioner's misconduct claim alleges denigration of the defense and of the presumption of innocence by use of the term "defense of distraction." On appeal, the Michigan Court of Appeals noted that this comment "read in context [is] a direct response to trial counsel's statement regarding widespread corruption in the financial markets and mortgage industry." Slip Op. *2. The theory of Petitioner's defense rested on the allegation of police corruption. The prosecutor's remark was a response to the comments and allegations interjected by trial counsel. This statement, as well as the statements elicited by the officer to rebut trial counsel's contentions,

were not improper.

The Sixth Circuit has held that '[a] prosecutor commenting that the defense is attempting to trick the jury is a permissible means of arguing so long as those comments are not overly excessive or do not impair the search for the truth." *Brown v. McKee*, 231 Fed. App'x. 469, 480 (6th Cir. 2007) (quoting *United States v. August*, 984 F.2d 705, 715 (6th Cir.1992)). Thus, a prosecutor's isolated comments in closing argument that the defense was attempting to trick the jury is not an improper disparagement of defense counsel. *Id*. Likewise, the prosecutor's "defense of distraction" argument was not an improper attack upon defense counsel, but was simply a remark upon the merits of Petitioner's case. *U.S. v. Graham*, 125 Fed. App'x. 624, 634-35 (6th Cir. 2005).

Petitioner is not entitled to habeas relief on his claim that the prosecutor improperly denigrated defense counsel, because even if the prosecutor's comments about Petitioner's defense were improper, they were not flagrant enough to justify habeas relief. *See Henley v. Cason*, 154 Fed. App'x 445, 447 (6th Cir. 2005). The prosecutor's sarcastic comments were not so incendiary so as to inflame the jury's passion or distract them from determining Petitioner's guilt or innocence. *See Davis v. Burt*, 100 Fed. App'x. 340, 348 (6th Cir. 2004).

Petitioner's final misconduct claim pertains to comments regarding an IRS reporting requirement on a significant amount of concealed money found in a safety deposit box. The comments made pertaining to the IRS and its reporting requirements concerning the money found in the safety deposit box appear irrelevant and had little if any prejudicial effect, even if the comment is a commentary on a matter not in evidence. Over $60,000.00 was found in the safety deposit box, in envelopes similar to the envelopes found containing large amounts of money in Petitioner's house. This evidence alone would lead a reasonable juror to conclude that Petitioner

10

was concealing money.  Moreover, Petitioner is not entitled to habeas relief on his claim that the prosecutor's remarks about the IRS reporting procedure were not introduced into evidence, in spite of the large amounts of concealed money,  because the remarks were isolated and the evidence against Petitioner was strong. *See Macias v. Makowski*, 291 F. 3d 447, 453-54 (6th Cir. 2002).

Misrepresenting facts in evidence by a prosecutor can amount to substantial error because doing so "may profoundly impress a jury and may have a significant impact on the jury's deliberations." *Washington v. Hofbauer*, 228 F.3d 689, 700 (6th Cir. 2000) (quoting *Donnelly v. DeChristoforo*, 416 U.S. at 646). Likewise, it is improper for a prosecutor during closing arguments to bring to the jury any purported facts which have not been introduced into evidence and which are prejudicial. *Byrd v. Collins*, 209 F.3d 486, 535 (6th Cir. 2000).  However, prosecutors must be given leeway to argue reasonable inferences from the evidence. *Id*.  The isolated comment pertaining to IRS reporting requirements did not prejudice Petitioner's case and was merely a comment on large amounts of concealed money.  The inference that there were no other suspects at the time of the arrest is an inference based on the location of the large amounts of prescription drugs, money and weapons found in a house under the exclusive control of Petitioner.  The prosecutor reasonably inferred that no other suspects exist in light of the testimony produced at trial.  Furthermore, since trial counsel relied on a theory of police corruption to rebut the inference that Petitioner acted alone, the prosecutor did not commit misconduct by commenting on the facts in evidence.  Any prosecutorial misconduct in attempting to inject facts that had not been introduced into evidence was also ameliorated by the trial court's instruction that the lawyers' comments and statements were not evidence [T. Sept. 26, 2008 [IV], p. 630]. *See Hamblin v. Mitchell*, 354 F. 3d 482, 495 (6th Cir. 2003).

11

Petitioner lastly contends that the cumulative effect of the prosecutor's comments and questions deprived him of a fair trial. The Sixth Circuit has noted that the United States Supreme Court "has not held that distinct constitutional claims can be cumulated to grant habeas relief." *Lorraine v. Coyle*, 291 F. 3d 416, 447 (6th Cir. 2002). Petitioner's claim that the prosecutor's comments and remarks cumulatively deprived him of a fair trial is an inadequate ground for granting federal habeas relief, because it is essentially a cumulative errors claim. *See e.g. Noel v. Norris*, 194 F. Supp. 2d 893, 931-32 (E.D. Ark. 2002); *aff'd* 322 F. 3d 500 (8th Cir. 2003); *cert. den*. 124 S. Ct. 13 (2003). Petitioner is not entitled to habeas relief on his prosecutorial misconduct claims.

### B. Ineffective Assistance of Trial Counsel

Petitioner next raises in his second claim that trial counsel was ineffective for failing to object to the multiple instances of prosecutorial misconduct.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, Petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result

of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 131 S. Ct. at 792). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 130 S. Ct. 383, 390-91 (2009).

Petitioner contends that trial counsel was ineffective for failing to object to the alleged prosecutorial misconduct in this case. To show prejudice under *Strickland* for failing to object to prosecutorial misconduct, a habeas petitioner must show that but for the alleged error of his trial counsel in failing to object to the prosecutor's improper questions and arguments, there is a reasonable probability that the proceeding would have been different. *Hinkle v. Randle*, 271 F. 3d 239, 245 (6th Cir. 2001). Because the Court has already determined that the prosecutor's argument did not deprive Petitioner of a fundamentally fair trial, Petitioner is unable to establish that he was prejudiced by counsel's failure to object to these remarks. *Slagle*, 457 F. 3d at 528. Petitioner is not entitled to relief on his second claim.

## IV.  Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the

issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed.R.App. P. 24(a).

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is DENIED WITH PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner will be denied leave to appeal *in forma pauperis*.

Dated:  October 24, 2013                          s/ Sean F. Cox
                                                  Sean F. Cox
                                                  U. S. District Court Judge

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES FREDERICK SANFORD,

               Petitioner,

                                      CIVIL NO. 2:11-CV-10748

v.                                HONORABLE SEAN F. COX

                                      UNITED STATES DISTRICT COURT

WILLIE SMITH,

               Respondent.

_____/

PROOF OF SERVICE

       I hereby certify that on October 24, 2013, the foregoing document was served upon counsel

of record by electronic means and upon James Frederick Sanford by First Class Mail at the address

below:

James Sanford
173719
Carson City Correctional Facility
10274 Boyer Road
Carson City, MI 48811

Dated:  October 24, 2013                      s/ J. McCoy_____
                                          Case Manager